**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| ERNEST L. HARRIS, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:08-CV-1247 CAS |
| ) | |
| MISSOURI DEPARTMENT OF MENTAL ) | |
| HEALTH, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendants Missouri Department of Mental Health ("MDMH") and Dennis Maylee's motion for judgment on the pleadings under Rule 12(c), Federal Rules of Civil Procedure, directed to Counts I, II and III of plaintiffs' complaint. Plaintiffs oppose the motion. For the following reasons, the motion will be granted with respect to plaintiff Harris' disability discrimination claim under the Missouri Human Rights Act and denied in all other respects.

**Background**

The plaintiffs bring this case based on federal and state claims of race discrimination, disability discrimination, association discrimination and retaliation. Specifically, plaintiffs Ernest L. Harris and Calvin Douglas, both African-American men, allege they were subjected to race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII") (Count I), 42 U.S.C. § 1981 (Count II), and the Missouri Human Rights Act, §§ 213.010 Mo. Rev. Stat. et seq. ("MHRA") (Count III). Harris also invokes the MHRA on a claim of disability discrimination. Sprous, a Caucasian man, alleges association discrimination in violation of § 1981, and all three

plaintiffs complain of association discrimination under the MHRA. Finally, all three plaintiffs allege retaliation under both federal statutes and the MHRA.

**Legal Standard**

Federal Rule of Civil Procedure 12(c) requires a court to "accept as true all factual allegations set out in the complaint" and to "construe the complaint in the light most favorable to the plaintiff[s], drawing all inferences in [their] favor." Ashley County, Ark. v. Pfizer, Inc., 2009 WL 17992 at *2, __ F.3d __ (8th Cir. Jan. 5, 2009) (quoting Wishnatsky v. Rovner, 433 F.3d 608, 610 (8th Cir. 2006)). "Judgment on the pleadings is appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law, the same standard used to address a motion to dismiss for failure to state a claim under Rule 12(b)(6)." Id. (internal punctuation and citation omitted).

**Discussion**

   **A. Race Discrimination Claims**

The defendants move for judgment on the pleadings on plaintiffs' race discrimination claims under Title VII, § 1981 and the MHRA on the basis that plaintiffs fail to state a claim under these statutes because they do not plead facts to support all of the elements of a prima facie case of race discrimination. Defendants contend that under the Supreme Court's decision in Bell Atlantic Corp v. Twombly, 127 S. Ct. 1955 (2007), plaintiffs must assert facts that "affirmatively and plausibly suggest that the pleader has the right he claims, rather than facts that are merely consistent with such right." Defs.' Mem. Supp. at 2, citing Bell Atlantic, 127 S. Ct. at 1664-66.

Defendants assert that although plaintiffs complain of numerous actions by the defendants, they fail to allege that similarly situated employees who are not members of the protected group were

2

treated differently. They note plaintiffs allege in the complaint that defendant Maylee "did not give written counseling and reprimands to similarly situated Caucasian employees," (Complaint, ¶ 26), and with respect to the Title VII claims, that defendants "[t]reated Harris and Douglas differently than similarly situated individuals because of their race and color." (Id., ¶ 70). Defendants characterize plaintiffs' allegations as the kind of "formulaic recitation of the elements of a cause of action" that are insufficient to raise the right to relief above a speculative level under Bell Atlantic.

The plaintiffs respond that Bell Atlantic did not overrule Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508 (2002), which held that a complaint in an employment discrimination lawsuit need not contain specific facts establishing a prima facie case of discrimination under the framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Plaintiffs state that an employment discrimination complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," as required by Federal Rule of Civil Procedure 8(a)(2), because the McDonnell Douglas framework is an evidentiary standard, not a pleading requirement, citing Swierkiewicz, 534 U.S. at 510.

This Court has held that the Supreme Court in Bell Atlantic "did not alter the notice-pleading standards of Rule 8(a)(2), which requires only 'a short and plain statement of the Claim showing that the pleader is entitled to relief.'" Nordwald v. Kelly Services, Inc., No. 4:08-CV-221 CEJ, 2008 WL 2486039, *2 (E.D. Mo. June 25, 2008) (citing Tamayo v. Blagojevich, 526 F.3d 1074 (7th Cir. 2008)). Although Bell Atlantic disavowed the "no set of facts" standard of Conley v. Gibson, 355 U.S. 41 (1957), the Supreme Court has since reiterated that it is not necessary to plead specific facts to satisfy Rule 8(a). Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (citing Bell Atlantic and reversing Rule 12(b)(6) dismissal of complaint). The majority in Bell Atlantic cited

3

Swierkiewicz a number of times, distinguished it, and did not express any intent to overturn it. See Bell Atlantic, 127 S. Ct. at 1973. The Supreme Court explained that its reversal in Swierkiewicz was premised on a heightened pleading standard imposed by the Second Circuit. Bell Atlantic, 127 S. Ct. at 1973-74. The Court reiterated that such a standard was improper, id. at 1973 n.14, citing Swierkiewicz. This Court concludes that Swierkiewicz remains good law.

Changes in the pleading requirements in federal court as a result of Bell Atlantic do not impose a requirement on employment discrimination plaintiffs to plead facts related to each of the prima facie elements used in the McDonnell Douglas framework. Cases decided following Bell Atlantic are almost unanimous that a plaintiff need not plead prima facie facts in the employment discrimination context. See, e.g., Tamayo, 526 F.3d 1074; Lindsay v. Yates, 498 F.3d 434, 439-40 (6th Cir. 2007); Nordwald, 2008 WL 2486039 at *2.[1] Thus, an employment discrimination plaintiff need only give the defendant "fair notice" of what the plaintiff's claims are and the grounds upon which they rest. Swierkiewicz, 534 U.S. at 514.

Plaintiffs' complaint contains detailed factual allegations to support their race discrimination claims, and also alleges that defendants treated plaintiffs Harris and Douglas differently than similarly situated individuals because of their race and color. Plaintiff Sprous, who is white, alleges retaliation discrimination and discrimination because of his association with Harris and Douglas. Plaintiffs' allegations satisfy the necessary elements of their claims. Defendants' argument that plaintiffs must

---

[1]To the extent Williams v. Rightchoice Managed Care, Inc., 2008 WL 681695 (E.D. Mo. Mar. 7, 2008), requires a discrimination plaintiff to plead specific facts concerning other individuals not part of the protected class who were treated differently in order to survive a motion to dismiss, the Court respectfully declines to follow it, on the basis that the Court believes such facts are not required to be pleaded based on Rule 8(a), Fed. R. Civ. P., and the Supreme Court's decisions in Bell Atlantic, Erickson and Swierkiewicz.

4

plead specific facts to establish disparate treatment is contrary to the Supreme Court precedent discussed above. Plaintiffs will eventually be required to present evidence to support their claims that they were treated differently than similarly situated individuals, but at the pleading stage of the litigation are required only to state a claim that, if supported by evidence, would entitle them to the relief they request. See Nordwald, 2008 WL 2486039, *2. Plaintiffs have met this requirement. This aspect of defendants' motion to dismiss should therefore be denied.

**B. Disability Discrimination Claim**

Defendants also move for judgment on the pleadings with respect to plaintiff Harris' claims of disability discrimination under the MHRA. Defendants state that plaintiffs allege Harris was discriminated against based on his "disability" (Complaint, ¶ 83), and that defendants "limited, segregated, or classified plaintiff Harris . . . due to Harris' disability. (Id., ¶ 84). Defendants note that under the MHRA, a disability is defined as:

> [A] physical or mental impairment which substantially limits one of more of a person's major life activities, being regarded as having such an impairment, or a record of having such an impairment, which with or without reasonable accommodation does not interfere with performing the job . . . in question.

Mo. Rev. Stat. § 213.010(4) (2000).

Defendants state that while plaintiffs assert Harris has a disability, they do not identify the disability or allege any facts demonstrating that the claimed disability would fit within the criteria of the MHRA. Defendants contend that Harris' conclusory assertions are insufficient to state a claim of disability discrimination under the MHRA.

Plaintiffs respond only that under Swierkiewicz and Nordwald, plaintiff Harris has adequately pleaded a claim for disability discrimination under the MHRA.

5

Under the appropriate pleading standard, plaintiffs need only give the defendants "fair notice" of what their claims are and the grounds upon which they rest. Swierkiewicz, 534 U.S. at 514. The defendants are correct that the complaint is devoid of any facts concerning the nature of plaintiff Harris' disability, and contains only the conclusory assertions that Harris is disabled and was discriminated against because of that disability. None of the exhibits attached to the complaint offer any further facts or information to support plaintiff Harris' claim of disability discrimination.

These conclusory assertions are insufficient to give defendants "fair notice" of the grounds for plaintiff Harris' disability discrimination claims and, even when liberally construed, do not provide a basis from which it can be reasonably inferred that Harris was disabled within the meaning of the MHRA. See Lee v. Sony BMG Music Entertainment, Inc., 557 F.Supp.2d 418, 424-25 (S.D.N.Y. May 15, 2008) (applying Bell Atlantic and Swierkiewicz standards; dismissing disability discrimination claims under the Americans with Disabilities Act where the plaintiff did not identify her disability, failed to plead that she could not perform any major life activity, and pleaded no facts tending to suggest that anyone discriminated against her because of any disability or perceived disability; also dismissing plaintiff's disability claims under state and local law, which did not have to satisfy the "major life activity" test, because plaintiff failed to specify what her disability was); cf. Thomas v. Department of Veterans Affairs, 2006 WL 1636738, *13 (S.D.N.Y. 2006) (complaint which alleged that plaintiff suffered from depression, anxiety and post-traumatic stress disorder, and alleged facts from which it could be inferred that her impairment substantially limited her major life activity of working, could be liberally construed to allege that she had a record of disability as defined by the Rehabilitation Act).

The Court, having accepted as true all facts pled by plaintiff Harris and granted all reasonable inferences from the pleadings in favor of Harris, concludes that defendants are entitled to judgment as a matter of law on plaintiff Harris' disability discrimination claims under the MHRA.

### C. Association Discrimination Claims

Defendants move for judgment on the pleadings with respect to plaintiffs' claims for association discrimination under § 1981 and the MHRA. Defendants state that in Count II, plaintiffs allege in conclusory terms that defendants "intentionally and purposefully interfered with the employment opportunities of . . . Sprous because of his association with Harris and Douglas" (Complaint, ¶ 74), and in Count III, that defendants "discriminated against Harris, Sprous, and Douglas person [sic] because of their association with people protected by Chapter 213 RSMo." (Id., ¶ 87). Defendants contend that these allegations are insufficient under Bell Atlantic, and that plaintiffs are required to have stated exactly which protected persons they associated with, because plaintiffs have failed to plead any underlying discrimination based on race or disability. Plaintiffs respond only that they have adequately pleaded a claim for association discrimination under the appropriate standard.

Section 213.070(4) of the MHRA provides that it is unlawful to "discriminate in any manner against any other person because of such person's association with any person protected by this chapter." The complaint alleges among other things that (1) plaintiffs Douglas and Sprous testified on behalf of plaintiff Harris in MDMH's internal investigation of Harris' complaint, and thereafter became subject to harassment and disparate treatment by the defendants; (2) Harris was placed under Sprous' immediate supervision and continued to be subject to harassment by Maylee, who also ordered Sprous to reprimand Harris for trivial matters; (3) Maylee reprimanded Sprous for failing to

7

reprimand Harris for trivial matters; (4) Douglas filed a complaint of harassment based on race discrimination and retaliation; (5) Sprous filed two complaints of harassment based on retaliation; (6) Sprous was placed on 90-day probation in retaliation for refusing to engage in discriminatory policy; (7) Maylee told Sprous to reprimand Douglas for playing dominoes for a half hour at work, but Sprous investigated the incident and determined that Douglas did not play dominoes and did not reprimand Douglas; and (8) Sprous was ordered to not remain in his office. In addition, the complaint alleges that Sprous' association with Harris and Douglas, his participation in the investigation into Harris' complaint, and his complaints of retaliation were motivating factors in the defendants' treatment of Sprous, and that Sprous was denied career advancement opportunities by the defendants because of his association with Harris and Douglas and in retaliation for his complaints of harassment. These factual allegations are incorporated into all counts of the complaint.

Thus, the complaint alleges that the defendants discriminated against plaintiff Sprous because of his association with Harris and Douglas, who are African-American and thus within a protected group under the MHRA. Although plaintiffs Harris and Douglas do not specifically allege with whom they associated, it can be reasonably inferred from the complaint that they associated with each other. The factual allegations of the complaint, which are supplemented by the exhibits thereto, are sufficient to give the defendants fair notice of plaintiffs' association discrimination claims and the factual grounds upon which they rest. See Swierkiewicz, 534 U.S. at 514. This aspect of defendants' motion should therefore be denied.

**D. Retaliation Discrimination Claims**

Finally, defendants move for judgment on the pleadings on plaintiffs' retaliation discrimination claims under Title VII, § 1981 and the MHRA. After setting forth the elements of a prima facie case of retaliation discrimination, the defendants assert that plaintiffs' retaliation claims fail because plaintiffs "wholly fail to make any showing that the alleged 'retaliation' was causally connected to a protected activity" and fail to allege "any facts from which retaliatory motive for any adverse actions may be directly shown or inferred." Defs.' Mem. Supp. at 8. Defendants do not cite any legal authority in support of this aspect of their motion. The plaintiffs respond only that they have adequately pleaded a claim for retaliation discrimination under Swierkiewicz and Nordwald.

The complaint alleges among other things that (1) plaintiff Harris filed a complaint of discrimination and thereafter began to experience increased harassment by the defendants, (2) plaintiffs Douglas and Sprous testified on Harris' behalf during the internal investigation of that complaint and thereafter experienced harassment by the defendants; (3) plaintiffs Douglas and Sprous filed their own complaints of discrimination and thereafter were further harassed by the defendants; and (4) all plaintiffs allege that they were harassed and denied career advancement opportunities in retaliation for their complaints of harassment.

Plaintiffs' complaint gives the defendants more than sufficient notice of their retaliation claims and the factual basis therefor. This aspect of defendants' motion borders on the legally frivolous and should be denied.

**Conclusion**

For the foregoing reasons, the defendants' motion for judgment on the pleadings will be granted with respect to plaintiff Harris' MHRA disability claims in Count III and denied in all other respects.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for judgment on the pleadings is **GRANTED in part** and **DENIED in part**; said motion is **GRANTED** with respect to plaintiff Harris' MHRA disability discrimination claims in Count III, and **DENIED** in all other respects. [Doc. 14]

An appropriate partial judgment will accompany this memorandum and order.

/s/ Charles A. Shaw
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  21st  day of January, 2009.